UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SUSAN WASSERMAN,

    Plaintiff,

    v.

ROBERT JOHN BEGGS, *et al.*,

    Defendants.

:

:

:

Case No. 2:24-cv-3965
Chief Judge Sarah D. Morrison
Magistrate Judge Elizabeth Preston Deavers

## ORDER

Currently before the Court is Susan Wasserman's "Notice of Voluntary Dismissal" of Robert John Beggs and Beggs Law Offices Co., LPA ("Beggs Defendants").[1] (ECF No. 69.)

For the following reasons, the Court **CONSTRUES** Ms. Wasserman's Notice as a Motion for Voluntary Dismissal under Rule 41(a)(2) and **HOLDS IN ABEYANCE** that Motion; provides her **notice** of her options regarding her claims; directs her to **show cause** why the Court should not deem her a vexatious litigator and impose pre-filing restrictions on her; and, **ORDERS** her to make filings in accordance with this Order.

---

[1] Although Ms. Wasserman's filing only seeks dismissal of the Beggs Defendants, she previously sought to amend the Complaint to add Defendants Nancy Mathew, Scott Hinkle, Troy Hiatt, Michael Young and Jeffrey L Young as *pro se* co-plaintiffs. (*See* ECF No. 50.) Thus, the Court construes her "Notice of Voluntary Dismissal" as also seeking dismissal of those defendants.

1

I.   MS. WASSERMAN'S DISMISSAL FILING

Ms. Wasserman framed her request for voluntary dismissal as a notice under Rule 41(a)(1)(A)(i).

"[I]f an opposing party has yet to 'serve[ ] either an answer or a motion for summary judgment,' a plaintiff 'may dismiss an action without a court order by filing a notice of dismissal.'" *Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 772 (6th Cir. 2020) (quoting Fed. R. Civ. P. 41(a)(1)(A)). But "if an opposing party has served an answer or a motion for summary judgment, then 'an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.'" *Id.* (quoting Fed. R. Civ. P. 41(a)(2)).

Ms. Wasserman cannot dismiss this action under Rule 41(a)(1)(A)(i) because she filed her "Notice of Dismissal" after the Beggs Defendants filed their operative Answer (ECF No. 24). Accordingly, the Court **CONSTRUES** her filing as a motion for voluntary dismissal by court order under Rule 41(a)(2).

A.   LEGAL STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule is to protect the nonmovant from unfair treatment. Unless the order states otherwise, such a dismissal is without prejudice.

"A plaintiff who moves to dismiss its action via court order…is subject to the discretion of the district court." *Wellfount,* 951 F.3d at 774. "The district court may

deny the motion, require that a dismissal be with prejudice, or impose any other conditions that it 'deems necessary.'" *Id.* (footnote omitted) (quoting *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009)). While such conditions often involve the payment of defense costs, payment is not required for voluntary dismissal under Rule 41(a)(2). *Bridgeport*, 583 F.3d at 954.

A court abuses its discretion when it grants a motion to dismiss without prejudice under Rule 41(a)(2) only if "the defendant would suffer plain legal prejudice as a result of dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (internal quotation marks omitted). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as [1] the defendant's effort and expense of preparing for trial, [2] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [3] insufficient explanation for the need to take a dismissal, and [4] whether a motion for summary judgment has been filed by the defendant." *Id.* A court need not resolve every factor in favor of a party to find that dismissal without prejudice is warranted, or vice-versa. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007). However, "'[t]he *Grover* factors are not an exclusive or mandatory list' that must be robotically followed." *Walter v. Florida Tile, Inc.*, 776 F. App'x 310, 316 (6th Cir. 2019) (quoting *Rosenthal*, 217 F. App'x at 502).

When a court exercises its discretion to dismiss a case with prejudice, the court must give the moving plaintiff notice of its intention to dismiss with prejudice,

3

an opportunity to be heard in opposition to dismissal with prejudice, and an opportunity to withdraw the request for voluntary dismissal. *See United States v. One Tract of Real Prop. Together with All Bldgs., Improvements, Appurtenances & Fixtures*, 95 F.3d 422, 425–26 (6th Cir. 1996).

### B. DISCUSSION

Ms. Wasserman requests dismissal without prejudice, but provides no reasons why she seeks dismissal.

The Court has reviewed the docket of this case and other cases filed by Ms. Wasserman in this Court. It hereby gives Ms. Wasserman notice of its intention to dismiss this action with prejudice. Therefore, the Court provides her with the following options:

(1) She may choose to have the Court dismiss this action with prejudice;

(2) She may file a more fulsome Motion to Dismiss without prejudice, addressing whether defendants would suffer plain legal prejudice as a result of dismissal without prejudice. If she chooses this option, the Court may, after review of her arguments, grant her Motion with or without prejudice, or;

(3) She may withdraw her Motion to Dismiss and proceed with her case by filing the Third Amended Complaint in compliance with the Court's June 12, 2025 Order (ECF No. 64).

## II. MS. WASSERMAN'S VEXATIOUS LITIGATION HISTORY

The Court has quickly become familiar with attorney Susan Wasserman— this is one of seven cases before this Court filed or removed by Ms. Wasserman

4

either on her own behalf or on behalf of a client.[2] In two of those cases, the Court awarded attorney's fees and costs against her for improper removal and, in one case, sanctioned her for bad-faith conduct. And here, the Court struck her 87-page Second Amended Complaint for failure to comply with the rules of procedure, finding that "many of the allegations are impertinent and/or wholly immaterial to any particular claim." (ECF No. 64.) Her 40-page Complaint (ECF No. 1) and 38-page Amended Complaint (ECF No. 9) suffer from similar deficiencies, including their excessive length, immaterial allegations, and odd insertion of evidence.

Ms. Wasserman has also been very litigious in the Ohio state courts, including a proceeding where the Franklin County, Ohio Court of Common Pleas, Probate Division ordered Ms. Wasserman and her client, jointly and severally, to pay attorney's fees in excess of $175,000 to other parties and attorneys as sanction for their conduct.[3] (Am. Compl., PAGEID # 66–67.)

"Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform

---

[2] The other six cases are *Weir v. Wasserman*, Case No. 2:24-cv-3334 (S.D. Ohio filed June 20, 2024), *Wasserman v. Ruben, et al.*, Case No. 2:24-cv-3820 (S.D. Ohio filed Aug. 5, 2024), *Wasserman v. Weir, et al.*, Case No. 2:24-cv-3935 (S.D. Ohio filed Sept. 12, 2024), *Carlile Patchen & Murphy LLP v. Koeberer*, Case No. 2:24-cv-4280 (S.D. Ohio filed Dec. 18, 2024), *Koeberer v. Weir, et al.*, Case No. 2:25-cv-95 (S.D. Ohio filed Feb. 4, 2025), and *Wasserman v. Rodriguez, et al.*, 2:25-cv-500 (S.D. Ohio filed May 14, 2025).

[3] *See In re Estate of Wilson*, Franklin C.P. Probate Div. No. 563322. Ms. Wasserman has also filed several affidavits of disqualification against Probate Court Judge Jeffrey Mackey, all of which were denied. (Am. Compl., PAGEID # 65; *see, e.g.*, *In re Disqualification of Mackey*, 2022-Ohio-2267; *In re Disqualification of Mackey*, 2022-Ohio-2837; *In re Disqualification of Mackey*, 2022-Ohio-4432).

5

their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Johnson v. Univ. Hous.*, No. 2:06-cv-628, 2007 WL 4303728, at *12 (S.D. Ohio Dec. 10, 2007) (Holschuh, J.) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986)). The Sixth Circuit has upheld the imposition of prefiling restrictions on vexatious litigators. *Id.* (collecting cases).

In addition to that authority, "Rule 11 of the Federal Rules of Civil Procedure exists as a check on the filing of even a single frivolous lawsuit." *Rolle v. Lewis*, No. 1:19-CV-944, 2020 WL 1491382, at *3 (S.D. Ohio Mar. 27, 2020) (Bowman, M.J.), *report and recommendation adopted*, 2020 WL 5760648 (S.D. Ohio Sept. 28, 2020). A court may impose an appropriate sanction when a litigant "fails to comply with Rule 11 by filing a complaint in which no claims are warranted by existing law or any nonfrivolous argument, and the scant factual contentions that are included in the complaint appear to have no evidentiary support[.]" *Id.* A court may impose sanctions on its own initiative, after directing the party "'to show cause why conduct specifically described in the order has not violated Rule 11(b).'" *Id.* (quoting Fed. R. Civ. P. 11(c)(3)). Any sanction "must be limited to what suffices to deter repetition of the conduct" and "may include nonmonetary directives[.]" Fed. R. Civ. P. 11(c)(4).

Based upon Ms. Wasserman's filing of this frivolous lawsuit and recognized history of filing frivolous cases in this Court and Ohio courts, the Court **DIRECTS** her to **SHOW CAUSE** why her conduct does not constitute a violation of Rule 11(b), and why the Court should not deem her a vexatious litigator and impose pre-filing

restrictions against her, including that she be enjoined from filing any new actions without either (i) submitting a statement from an attorney licensed to practice in this Court or the State of Ohio (other than herself) certifying that there is a good-faith basis for the claims she seeks to assert, or (ii) tendering a proposed complaint for review by this Court prior to filing.

### III. CONCLUSION

The Court **CONSTRUES** Ms. Wasserman's Notice (ECF No. 69) as a Motion for Voluntary Dismissal under Rule 41(a)(2) and **HOLDS IN ABEYANCE** that Motion. Within **fourteen (14) days** of this Order, Ms. Wasserman is hereby **ORDERED** to file a notice indicating how she wishes to proceed with her Motion to Dismiss in response to the Court's instruction above; and to **show cause** why her conduct does not constitute a violation of Rule 11(b), and why the Court should not deem her a vexatious litigator and impose pre-filing restrictions against her.

Failure by Ms. Wasserman to timely make filings in compliance with this order will result in the case being dismissed with prejudice and the imposition of pre-filing restrictions against her.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**