**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SUSAN WASSERMAN,**

**Plaintiff,**

**v.**

**ROBERT JOHN BEGGS, *et al.*,**

**Defendants.**

:

**Case No. 2:24-cv-3965**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth Preston Deavers**

:

**ORDER**

This matter is before the Court on Ms. Wasserman's Response to the Court's July 18, 2025 Order (ECF No. 71). Also pending before the Court are Ms. Wasserman's Motion for Voluntary Dismissal[1] (ECF No. 69) and Robert John Beggs's and Beggs Law Offices Co., LPA's ("Beggs Defendants") Motion for Judgment on the Pleadings (ECF No. 40).

For the following reasons, Ms. Wasserman's Motion for Voluntary Dismissal is **GRANTED in part** and the remaining Defendants are **DISMISSED with prejudice**. The Beggs Defendants' Motion for Judgment on the Pleadings is **DENIED as moot**.

[1] The Court's July 18, 2025 Order construed Ms. Wasserman's filing titled "Notice of Voluntary Dismissal" as a Motion for Voluntary Dismissal under Rule 41(a)(2) of the remaining Defendants and held that Motion in abeyance pending Ms. Wasserman's response to the Order. (ECF No. 70.)

## I. MOTION FOR VOLUNTARY DISMISSAL

In its July 18, 2025 Order, the Court provided Ms. Wasserman notice of its intent to dismiss this action with prejudice and gave her the following options:

> (1) She may choose to have the Court dismiss this action with prejudice;
>
> (2) She may file a more fulsome Motion to Dismiss without prejudice, addressing whether defendants would suffer plain legal prejudice as a result of dismissal without prejudice. If she chooses this option, the Court may, after review of her arguments, grant her Motion with or without prejudice, or;
>
> (3) She may withdraw her Motion to Dismiss and proceed with her case by filing the Third Amended Complaint in compliance with the Court's June 12, 2025 Order (ECF No. 64).

(ECF No. 70.)

Although Ms. Wasserman requests in her Response that the Court dismiss this action without prejudice and says that dismissal will "allow[] this matter to be closed", she does not explain why Defendants would not suffer plain legal prejudice from dismissal without prejudice. (ECF No. 71, PAGEID # 501.)

Accordingly, Ms. Wasserman's Motion for Voluntary Dismissal is **GRANTED in part** and the remaining Defendants are **DISMISSED with prejudice**. The Beggs Defendants' Motion for Judgment on the Pleadings is **DENIED as moot**.

## II. VEXATIOUS LITIGATOR DESIGNATION[2]

---

[2] The Court's July 18, 2025 Order contained a statement of the Court's authority to impose prefiling restrictions on vexatious litigators and a detailed summary of Ms. Wasserman's history of filing frivolous cases in this Court and Ohio courts, which the Court will not repeat here except as necessary to address Ms. Wasserman's arguments. (ECF No. 70.)

The Court's July 18, 2025 Order directed Ms. Wasserman to show cause why her conduct does not violate Rule 11(b), and why the Court should not deem her a vexatious litigator and impose pre-filing restrictions against her. (ECF No. 70.)

Ms. Wasserman argues that the Court should not deem her a vexatious litigator for three reasons: (1) she filed this action in order to close her case load in Ohio; (2) her conduct is protected under various authorities; and (3) this case is unrelated to her other cases in this district. All three arguments fail.

First, in an apparent attempt to show that her filing of this lawsuit was not frivolous, Ms. Wasserman goes into extensive detail about the facts and context surrounding this case, among other things. (ECF No. 71.) She says that she filed this action in her capacity as the executor for an estate to administer newly discovered assets to the estate's beneficiaries as part of her effort to close out her Ohio case load.[3] (*Id.* PAGEID # 498.) But far from closing out her Ohio case load, a quick review of the record reflects that Ms. Wasserman filed this suit to dispute the Beggs Defendants' alleged negligent misrepresentation and lob her gripes about how the Franklin County, Ohio Court of Common Pleas, Probate Division ("Probate Court") handles newly discovered assets of closed estates.

Further, none of this information excuses Ms. Wasserman's failure to comply with Rule 11 in this case or changes the fact that, within less than two years, she

[3] It is unclear whether Ms. Wasserman has the capacity to sue on behalf of the estate for which she now purports to be the executor; she was "discharged as fiduciary" of the estate in 2019 and there are no allegations that she was later re-appointed as executor. (Am. Compl., ECF No. 9, PAGEID # 64.)

has commenced seven lawsuits in this district; among those cases, the Court has once sanctioned her for bad-faith conduct, twice awarded attorney's fees and costs against her for improper removal, and frequently struck her filings for failure to comply with the rules of procedure. And the Probate Court has ordered Ms. Wasserman and her client, jointly and severally, to pay over $175,000 in sanctions for their conduct. (Am. Compl., ECF No. 9, PAGEID # 65–66.)

Second, she argues that her actions are "protected activities" under Ohio's anti-SLAPP statute and because "[a]s an Ohio attorney, [she] is a whistleblower pursuant to the Ohio False Claims Act, Mandatory Reporter, and Sarbanes-Oxley[.]"(ECF No. 71, PAGEID # 493–94.) But Ohio does not have a False Claims Act. Sarbanes-Oxley has no application here, *see* 18 U.S.C. § 1514A, nor does Ohio's anti-SLAPP statute, *see* Ohio Rev. Code § 2747.01. And while Ms. Wasserman says that she was required to report "elder abuse, neglect, financial fraud and scams" to the Probate Court, she does not explain how that requirement protects her conduct here. (ECF No. 71, PAGEID # 499.)

Finally, the Court's determination that this case is unrelated to Ms. Wasserman's other cases in this district has no bearing on its consideration of her conduct in those cases when deciding whether to deem her a vexatious litigator.

Based upon Ms. Wasserman's filing of this frivolous lawsuit and recognized history of filing frivolous cases in this Court and Ohio courts, Ms. Wasserman is **DEEMED A VEXATIOUS LITIGATOR** and **ENJOINED** from filing any new actions without either (i) submitting a statement from an attorney licensed to

practice in this Court or the State of Ohio (other than herself) certifying that there is a good faith basis for the claims she seeks to assert, or (ii) tendering a proposed complaint for review by this Court prior to filing.

## III. CONCLUSION

Ms. Wasserman's Motion for Voluntary Dismissal (ECF No. 69) is **GRANTED in part** and the remaining Defendants are **DISMISSED with prejudice**. The Beggs Defendants' Motion for Judgment on the Pleadings (ECF No. 40) is **DENIED as moot**.

Further, Ms. Wasserman is **DEEMED A VEXATIOUS LITIGATOR** and **ENJOINED** from filing any new actions without either (i) submitting a statement from an attorney licensed to practice in this Court or the State of Ohio (other than herself) certifying that there is a good faith basis for the claims she seeks to assert, or (ii) tendering a proposed complaint for review by this Court prior to filing.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**